J-S35012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIGOBERTO HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1683 MDA 2023 |

Appeal from the PCRA Order Entered November 20, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001681-2009

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED NOVEMBER 12, 2024**

Rigoberto Hernandez appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas on November 20, 2023, dismissing his petition for *habeas corpus* relief, filed pursuant to Article I, § 14 of the Pennsylvania Constitution, as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Because the PCRA court properly dismissed Hernandez's petition, we affirm.

On November 20, 2009, a jury found Hernandez guilty of one count of Unlawful Delivery of a Controlled Substance[1] for which he was sentenced to serve 2½ to 6 years' confinement in a state correctional institution. On

---

[1] 35 P.S. § 780-113(a)(30).

December 16, 2010, this Court affirmed the judgment of sentence. Hernandez did not file a petition for allowance of appeal with the Supreme Court.

On May 14, 2018, Hernandez filed a *pro se* first[2] PCRA petition. The court appointed PCRA Counsel for Hernandez pursuant to Pa.R.Crim.P 904(C). On September 19, 2018, counsel filed a **Turner**/**Finley** no merit letter and motion to withdraw on the basis that Hernandez's PCRA claims lacked merit. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). The PCRA court granted counsel's motion to withdraw and issued a Rule 907 notice of its intent to dismiss Hernandez's petition without a hearing because the petition was untimely, and Hernandez was no longer serving his sentence. **See** Pa.R.Crim.P. 907(1). On December 18, 2018, the PCRA court entered an order dismissing the PCRA petition. Hernandez appealed to this Court, which affirmed the PCRA court's dismissal, finding Hernandez ineligible for relief because he was no longer serving his November 2009 Dauphin County sentence and also noting the PCRA Petition was untimely, and Hernandez failed to plead or prove any exception to the PCRA's timeliness requirement. **See Commonwealth v. Hernandez**, 2019 WL 6334815 (Pa. Super. filed Nov. 26, 2019) (unpublished memorandum).

---

[2] Hernandez maintains that the petition filed May 14, 2018 was his second PCRA petition, having sent the first "[o]n or about 5/9/11," but acknowledges there is no record of such filing in the docket. **See** Appellant's Brief, at 10.

On August 29, 2022, Hernandez filed the instant Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution, in which he requests "immediate discharge from illegal detention" based on a PCRA proceeding that allegedly violated his due process rights because he was denied the right to counsel and the right to a hearing. Petition for Habeas Corpus, 8/29/22, at 2. On October 17, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss this petition, observing, *inter alia*, that, as it had found in Hernandez's 2018 PCRA petition, and as affirmed by this Court, Hernandez is not eligible for PCRA relief because he is no longer under his Dauphin County sentence, which has been fully served. **See** PCRA Opinion, 10/17/23, at 6. Hernandez did not respond, and on November 20, 2023, the PCRA court dismissed Hernandez's petition. Hernandez timely appealed.

On appeal, Hernandez raises the following issue for review:

> Whether the trial court abused its discretion in dismissing [his] Petition for Habeas Corpus Relief alleging he is illegally confined on the basis of a post conviction proceeding that violated due process because it was uncounseled?

Appellant's Brief, at 3 (unnecessary capitalization omitted).

To address the issue raised by Hernandez in this appeal, we must first consider whether the PCRA court was correct to treat Hernandez's Petition for Habeas Corpus Relief as a PCRA petition.

The scope of the PCRA is defined in Section 9542:

> This subchapter provides for an action by which … persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining

- 3 -

collateral relief and encompasses all other common law and statutory remedies for the same purpose …, including habeas corpus …

42 Pa.C.S.A. § 9542.

Section 9542 "subsumes the [remedy] of *habeas corpus*," and further clarifies that the writ of habeas corpus is only available in cases where there is no remedy under the PCRA. *Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) (citation omitted). Accordingly, an issue that is cognizable under the PCRA "must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (citations omitted). Particularly relevant here, a claim of illegal sentence and ineffective assistance of counsel are cognizable under the PCRA, making the PCRA Hernandez's sole remedy. *See* 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(ii), (vii); *Turner*, 80 A.3d at 770.

Hernandez argues, however, that the PCRA court erred in characterizing his claim as one of ineffective assistance of counsel, rather than, as he framed it, as a claim he was "uncounseled" on his May 14, 2018 PCRA, in violation of his constitutional rights to due process. Appellant's Brief, at 6. We disagree. The record reflects Hernandez was provided PCRA counsel pursuant to Pa.R.Crim.P. 904(C) and, in any event, was ineligible for relief since he was no longer serving his sentence. *See* PCRA Order, 6/20/2018; Trial Court Docket, CP-22-CR-0001681-2009, at 8. In response to this allegation, the PCRA court noted in its Rule 907 notice:

> Despite how [Hernandez] attempts to frame the issue he presents, he is clearly challenging PCRA counsel's "failures" to act in a manner [Hernandez] would deem satisfactorily and legally sufficient. [Hernandez] summarily concludes that "the PCRA proceeding…was uncounseled and violative of the representation requirement." However, this is not what transpired. ... This is not a case where the PCRA Court simply ignored Rule 904(C) and failed to appoint counsel. [Hernandez] had counsel, but believes his Counsel failed to advance his arguments effectively.

Rule 907 Notice, 12/18/23, at 3-4 (unnecessary capitalization omitted).

Our review of the record confirms the PCRA court's representation that it appointed PCRA counsel. **See** PCRA Order, 6/20/2018. We agree with the PCRA court's finding that Hernandez raises a claim for ineffective assistance of counsel, which is a cognizable claim under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii); **Turner**, 80 A.3d at 770. Therefore, because the PCRA provides a remedy for Hernandez's claim, he is precluded from seeking *habeas corpus* relief and the court properly considered his petition under the PCRA. **See Turner** 80 A.3d at 770; **see Taylor** 65 A.3d at 466.

However, as observed by the PCRA court, Hernandez is not eligible for relief under the PCRA because he is no longer serving his sentence. To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, "[t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted[,] currently serving a sentence of imprisonment, probation or parole for that crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As our Supreme Court has clarified, "[t]he denial of relief for a petitioner who has finished serving his

- 5 -

sentence is required by the plain language of the statute." **Commonwealth v. Ahlborn**, 699 A.2d 718, 729 (Pa. 1997); **see Commonwealth v. Hart,** 911 A.2d 939, 942 (Pa. Super. 2006) (PCRA petitioner is ineligible for relief as soon as sentence is complete).

As this Court previously observed in Hernandez's appeal from the dismissal of his May 14, 2018 PCRA petition, Hernandez completed the sentence imposed for his 2009 conviction and was not entitled to PCRA relief. **See Hernandez**, 2019 WL 6334815, at *1. The trial court docket confirms that, as of September 30, 2015, Hernandez was no longer serving his Dauphin County sentence and that, since May 9, 2018, he has been confined in SCI Mahoney. **See** Trial Court Docket, CP-22-CR-0001681-2009, at 2.

Hernandez does not dispute that he is no longer serving the Dauphin County sentence that is the subject of this appeal. **See** Appellant's Brief, at 13. Because Hernandez is no longer serving his 2009 Dauphin County sentence, he is ineligible for PCRA relief. Thus, the PCRA court properly dismissed Hernandez's PCRA petition. **See Ahlborn**, 699 A.2d at 729; **see Hart**, 911 A.2d at 942.

Moreover, Hernandez's petition, filed approximately 6 years after his judgment of sentence became final, is patently untimely and he fails to plead and prove a timeliness exception that would allow for our review. **See** 42 Pa.C.S.A. § 9545(b)(1), (3). While Hernandez acknowledges that his petition is untimely with no exception pleaded or proven, he nevertheless asks this

- 6 -

Court to "treat the 5/14/18 PCRA petition as well as the habeas petition as amendments to the 5/9/11 erroneously timely filed petition[.]" Appellant's Brief, at 11. However, not only does the alleged 2011 PCRA petition not appear on the PCRA court docket or in the certified record, Hernandez utterly fails to provide any precedent that would permit such treatment and we are not aware of any.

Accordingly, the PCRA court properly dismissed Hernandez's PCRA petition. We affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/12/2024